Amos L. Kenyon, *D. P. A. vs.* Michael Parzych.

APRIL 12, 1943.

Present: Flynn, C. J., Moss, Capotosto, Baker and Condon, JJ.

Condon, J. This is a complaint brought by the director of public aid of the town of Hopkinton in accordance with the provisions of general laws 1938, chapter 424, to compel the respondent to support a child, born out of wedlock,

of which he is alleged to be the father. The complaint was heard before a justice of the superior court, sitting without a jury, who found that the respondent was the father and ordered him to pay $5 a week for the child's support until it reached statutory age, and $250 for lying-in expenses, clothing, care and keep of the child from the date of its birth to the day of trial, this amount to be paid in weekly payments of $2 until the full sum of $250 was paid.

The respondent has prosecuted a bill of exceptions to this court containing nine separate exceptions. The first three are as follows: "1. That the decision of said Justice in adjudging the said defendant to be guilty as charged is against the law; 2. That said decision is against the evidence; 3. That said decision of said Justice is against the law and the evidence and the weight thereof." Under these alleged exceptions the respondent has argued in his brief that the decision is clearly wrong.

The complainant contends that the respondent has no such exceptions. We do not agree with this contention. While the respondent did not actually take three such exceptions, he did claim an exception to the trial justice's decision within seven days after it was rendered. Under this exception he may argue any ground on which he claims the decision was erroneous. The precedural requirements of the statute, G. L. 1938, chap. 542, § 5, providing for bills of exceptions, as that statute has been construed by this court in *Dunn Worsted Mills* v. *Allendale Worsted Mills,* 33 R. I. 115, and *Blake* v. *Atlantic National Bank,* 33 R. I. 109, are complied with by taking an exception in this manner to the decision of a trial justice in a jury-waived case. However, no exceptions such as 1, 2 and 3 in respondent's bill are necessary. They are, indeed, the grounds of his exception to the decision rather than exceptions and they should not be thus set out in a bill of exceptions.

Treating these so-called exceptions then more properly as the grounds of respondent's first exception rather than as exceptions, we are of the opinion that there is no error

in the trial justice's decision. The complaint was properly brought by the director of public aid of Hopkinton, as it sufficiently appears that such town was the residence of the child's mother. It also sufficiently appears from the evidence, by inference at least, if not by direct testimony, that the "intercourse", which was constantly referred to in the testimony, was sexual intercourse between the respondent and the complaining witness, the mother of the child. Moreover, not only the opportunity for such intercourse was reasonably shown by the testimony, but also the inclination of the respondent to indulge therein. It is undenied that he was engaged to be married to the complaining witness and had given her a ring; that he was in her company day and night several times weekly; that on at least one occasion he stayed overnight in her house with her alone; that he was always "bothering" her and that he had admitted to her mother that he was the father of the child. There was no contradiction of any of this testimony. And there was no evidence of her "keeping company" with any other man. The respondent was in court but did not testify in his own behalf. His failure to testify leaves this accusation and the testimony of his admission of paternity undisputed. His first exception is therefore overruled.

Exceptions four to six, inclusive, are to rulings of the trial justice refusing to exclude certain evidence. Exceptions four and five are overruled because, even though it was error not to exclude the testimony, it was of such a nature that, in our opinion, it did not prejudice respondent on the question of what was a reasonable order for the trial justice to make under the circumstances. Exception six is, in our opinion, without merit. The witness's answer was for the most part a statement of what the respondent had, himself, said to her after she had talked with his brother. Technically, that part of her answer, in which she referred to a conversation which she had with his brother, was perhaps inadmissible. However, it appears to us that, if

there was an error in not striking it out, such error was clearly harmless.

Exception seven is to the denial of respondent's motion to dismiss the complaint. Respondent made this motion at the conclusion of the complainant's evidence and before formally closing his case. After his motion was denied and his exception to such denial was noted, his counsel then informed the court that he had no evidence to offer. Thereupon the court required him to be sworn and questioned him very briefly concerning his financial condition. After this inquiry the court formally adjudged respondent to be the father of the child and the respondent took no exception thereto. Complainant's counsel then asked leave of the court to question respondent further about his financial ability, which was granted. Thereafter like leave was also granted to respondent's counsel. At the conclusion of this inquiry, the court ordered respondent to make the aforementioned payments. To this order respondent duly excepted.

Respondent's exception to the denial of his motion to dismiss is without merit. If such motion was proper to bring about a final determination of the case upon its merits, it could be made as of right only after the respondent had formally closed his case. Therefore an exception did not lie to its denial.

Respondent's eighth exception is stated in his bill as an exception, appearing on page 42 of the transcript, to the court's finding that he was the father of the child. His ninth exception, he states in his bill, also appears on page 42 of the transcript and is to the order of payment. We have examined the transcript and we find only one exception on page 42. We also find, on that page, no decision by the court that respondent was the father of the child. That decision or finding appears on page 36, and, as hereinbefore stated, no exception was then taken. In any event, his first exception covers the objection which he desires to argue on his so-called eighth exception and has already been con-

sidered. On this state of the record the respondent therefore has no eighth exception as stated in his bill.

The exception duly taken and noted on page 42 is confined to the order of payment. This is respondent's ninth exception which brings here for review only the correctness of such order. The evidence upon which this order is based, even though it is scanty, is undisputed, and, in our opinion, it furnished a reasonable basis for the trial justice's order of $250 to cover all expenses fairly chargeable to the coming of the child and its care up to the day of trial. And, in answer to another contention of the respondent, we may say that such order does not, in our opinion, appear to be punitive in its nature, which it should not be, as the purpose of this proceeding is not punishment but to save the town from the expense incident to the birth of the child and its care and support until it reaches the age of sixteen.

The respondent's objection that this order cannot include expenses that had been paid before the trial is not sound. His further objection, that the order of payment of $5 a week for the child's support is erroneous because it extends for a period of time greater than that set out in § 6 of the statute, is, we think, based upon a misconception of the order. When the court stated that the weekly payments of $5 were to continue "until the child is of age . . . statutory age" we understand him to mean not the child's majority but the age of sixteen, that is, the "statutory age", as set out in § 6 of the statute under which the complaint was brought and the respondent was before him.

All of the respondent's exceptions are overruled and the case is remitted to the superior court for entry of judgment on the decision.

*Thomas J. Capalbo,* for complainant.
*John J. Dunn,* for respondent.